NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1423


RICHARD LE, ET AL.

VERSUS

NITE TOWN, INC.


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2007-2833-E
HONORABLE HERMAN C. CLAUSE, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


OSWALD A. DECUIR
JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Jimmie C. Peters, and Marc T. Amy, Judges.


AFFIRMED.


Thomas R. Hightower, Jr.
Wade Kee
P. O. Drawer 51288
Lafayette, LA 70505
(337) 233-0555
Counsel for Defendant/Appellant:
        Nite Town, Inc.

**Mark R. Pharr, III**
**Mark T. Garber**
**Julie E. Vaicius**
**Mary E. Lorenz**
**Galloway, Johnson, Tompkins,**
**  Burr & Smith**
**4021 Ambassador Caffery Parkway**
**Building A, Suite 175**
**Lafayette, LA 70503**
**(337) 735-1760**
**Counsel for Intervenor/Appellee:**
**       Markel International Insurance Company, LTD**

**Derriel Carlton McCorvey**
**Attorney at Law**
**P. O. Box 2473**
**Lafayette, La 70502**
**(337) 291-2431**
**Counsel for Plaintiff/Appellee:**
**       Richard Le**
**       Edward Prince**

**DECUIR, Judge.**

Nite Town, Inc. (Nite Town) appeals the trial court's grant of summary judgment in favor of its insurer, Markel International Insurance Company, Ltd. (Markel).

## FACTS

Richard Le (Le) and Edward Prince (Prince) allege that on October 1, 2006, the bouncers at Nite Town used excessive force against them causing serious injuries and damages for which they had to seek medical treatment. They filed suit alleging vicarious liability on the part of Nite Town. Markel intervened and filed this motion for summary judgment alleging that its commercial general liability policy issued to Nite Town contains an assault and battery exclusion which precludes coverage and relieves Markel of the duty to defend the suit. The policy provision provides:

> g. Assault and/or Battery Exclusion
>
> The coverage under this policy does not apply to any claim, suit, cost or expense arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of any Insured or Insured's employees, patrons or any other person. Nor does the insurance apply with respect to any charges or allegations of negligent hiring, training, placement or supervision. Furthermore, assault and/or battery includes "bodily injury" resulting from the use of reasonable force to protect persons or property.

The trial court granted summary judgment in favor of Markel, and Nite Town lodged this appeal.

## DISCUSSION

An appellate court reviews summary judgments *de novo*, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of La. State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions,

answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

Nite Town alleges that the trial court improperly granted Markel's motion for summary judgment because there are genuine issues of material fact in dispute as to whether an assault and/or battery actually occurred. We disagree.

The clear language of the policy excludes coverage for assault and/or battery *and* acts or omissions to prevent an assault and/or battery whether caused by an insured, insured's employee, *patron or any other person*. In addition, the exclusion extends to bodily injury resulting from the use of reasonable force to protect property. Thus, the policy coverage is excluded regardless of whether Nite Town's employees or the plaintiffs instigated the exchange. Likewise, it does not matter whether the injuries occurred as the result of an assault and/or battery or as a result of efforts to avoid an assault and/or battery. Finally, the exclusion precludes coverage for the independent negligence of Nite Town related to the training, etc. of its personnel involved in incidents such as these.

Accordingly, despite the contradictory affidavits of the plaintiffs and bouncers, there are no genuine issues of material fact in dispute with regard to the issue of Markel's coverage. The motion for summary judgment was properly granted.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Nite Town, Inc.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

2